**Joan S. LAW**

v.

**Donald E. LAW.**

Supreme Judicial Court of Maine.

Submitted on Briefs April 29, 1991.

Decided June 13, 1991.

---

Neil D. Jamieson, Jr., Potter & Prescott, Saco, for plaintiff.

Alfred C. Frawley, Shari Broder, Brann & Isaacson, Lewiston, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, and COLLINS, JJ.

WATHEN, Justice.

Defendant Donald Law appeals an order granting summary judgment in favor of plaintiff Joan Law by the Superior Court (Lincoln County, *Fritzsche, J.*) on the claim and counterclaim in this action to enforce a divorce settlement agreement. Principally, defendant argues on appeal that summary judgment is foreclosed by the existence of genuine issues of material fact. We agree and we vacate the judgments.

Plaintiff and defendant were divorced in Massachusetts in 1988 and entered into a settlement agreement that included the following terms relevant to this appeal: 1.) Plaintiff was to receive the first $150,000 of the net proceeds from the sale of real estate in Scituate, Massachusetts and if the sale did not net $150,000, defendant was to pay plaintiff the difference. 2.) Plaintiff was to convey forthwith to defendant her interest in real estate located in South Bristol, Maine. 3.) The parties agreed they would not "at any time voluntarily or in any manner whatsoever cause or permit any manner of encumbrance or lien to affix to the real estate ..."

In 1989, plaintiff filed the present complaint seeking to recover the money allegedly due her from the sale of the Scituate house.[1] She obtained an *ex parte* order approving the attachment of defendant's South Bristol property. Defendant answered, disputing the amount due from the Scituate property and raising plaintiff's breach of the agreement as a defense and setoff. By counterclaim, he asked that plaintiff be compelled to convey her interest in the South Bristol property and that he be awarded damages for plaintiff's failure to convey. Defendant successfully moved to dissolve the order approving the attachment and obtained a preliminary injunction compelling plaintiff to convey the South Bristol property to him. Thereafter, plaintiff moved for and received summary judgment in her favor on both the complaint and counterclaim and defendant appeals.

In reviewing a grant of summary judgment, "we examine the entire record to determine whether it supports the Superior

---

**1.** Also in the complaint, plaintiff sought to enforce two contempt judgments she had received against defendant for his failure to pay alimony pursuant to the agreement. Plaintiff was granted summary judgment on this issue and defendant does not question this result on appeal.

Court's conclusion that there is no genuine issue of material fact and that [the plaintiff] is entitled to judgment as a matter of law. We view all evidence in the light most favorable to the party against whom the motion is granted and accord that party the full benefit of all favorable inferences that may be drawn from the evidence." *Levesque v. Chan,* 569 A.2d 600, 601 (Me. 1990). The "sole function of the presiding justice is to determine whether there is a disputed factual issue, not to decide such an issue if found to exist." *Id.* at 601.

■ With regard to plaintiff's complaint, the agreement provided that the first $150,000 of "net proceeds" from the sale of the Scituate property would be paid to plaintiff and if that amount was not realized, defendant would pay the difference. The term "net proceeds" was defined as the balance remaining after deducting several items including "closing costs". Closing costs, in turn, were defined as "including, but not limited to, Massachusetts revenue stamps, recording fees, if required, and customarily paid by the seller." By affidavit, plaintiff asserts that net proceeds of $139,351.92 were received from the sale. She seeks the difference between that amount and $150,000 as specified in the agreement. Defendant's counteraffidavit asserts that plaintiff's personal debts for repairs, past due real estate taxes and utility bills were improperly deducted in arriving at net proceeds. The record before us presents a genuine issue of material fact. We also note that the affidavits fail to resolve factual issues concerning the defense and set-off alleged by defendant.

■ In his counterclaim, defendant sought damages for the delay resulting from the plaintiff's failure to convey the South Bristol property. Defendant argues that the Superior Court incorrectly determined the factual issue of whether he was damaged by plaintiff's failure to convey. In his affidavit, defendant stated that because of plaintiff's delay, he was unable to "meet financial obligations" and incurred costs in securing her compliance with the agreement. Plaintiff countered with an affidavit of a real estate broker stating that

defendant received no offers on the property, other than the offer resulting in a sale after plaintiff conveyed her interest. Such a record does not demonstrate the absence of any genuine issue of material fact with respect to defendant's damages.

Because we vacate the judgments of the Superior Court, we need not address the remaining points raised in the parties' briefs.

The entry is:

The summary judgments entered on Count I of the complaint and Count II of the counterclaim are vacated.

All concurring.